IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Karyn J.,

        Plaintiff,

v.

Case No. 1:19-cv-1144-MLB

Commissioner of the Social
Security Administration,

        Defendant.

_____/

**OPINION & ORDER**

Before the Court is the Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b). (Dkt. 30.) Plaintiff filed this action to obtain judicial review of the decision of the Commissioner of the Social Security Administration denying her application for social security disability and supplemental security income benefits. (Dkt. 3.) On July 29, 2020, the Court issued its Order (Dkt. 25) reversing the Commissioner's decision and remanding this action for further proceedings to determine whether Plaintiff was entitled to an award of benefits. As the prevailing party in the civil action, Plaintiff then petitioned this Court for an award of

attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. 27.) Although EAJA fees go to the prevailing party, not the prevailing party's attorney, Plaintiff had assigned any fees awarded under the EAJA to her counsel. The Magistrate Judge thus ordered the Commissioner to pay the EAJA award of $6,489.60 to counsel. (Dkt. 28 at 5.)

On remand, an Administrative Law Judge found Plaintiff disabled as of her application filing date. (Dkt. 30-4.) The Commissioner awarded Plaintiff $168,179 in past-due benefits. (Dkt. 30-3 at 2.) Plaintiff then filed a motion for attorney's fees under 42 U.S.C. § 406(b). (Dkt. 30.) Because an EAJA fee has already been awarded in this case, Plaintiff's counsel requested the difference between 25% of Plaintiff's past-due benefits and the amount of the EAJA fee.[1] The Commissioner does not oppose the motion. (Dkt. 32 at 2.)

---

[1] The Commissioner determined that Plaintiff was entitled to $168,179 in past-due benefits. (Dkt. 30-3 at 2.) Twenty-five percent of this amount is $42,044.75. The EAJA award was $6,489.60. (Dkt. 28.) Plaintiff's counsel requested that he be awarded the difference between those amounts, which is $35,555.15.

The Social Security Act provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court held that (1) § 406(b) authorizes contingent-fee agreements no larger than 25% of the past-due benefits; and (2) courts must review the reasonableness of the fees based on contingency agreements. *Id.* at 808–09. Plaintiff's counsel "must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *accord Thomas v. Astrue*, 359 F. App'x 968, 975 (11th Cir. 2010) (per curiam) ("Under *Gisbrecht*[,] the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered."). A court determines whether a fee under § 406(b) is reasonable by "look[ing] first to the contingent fee agreement" and then considering other factors. *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005). A court testing the reasonableness of a contingency-fee agreement considers the character of the representation, the results the

representative achieved, whether the attorney is responsible for delay, and the amount of time counsel spent on the case. *Gisbrecht*, 535 U.S. at 808. "[T]he hurdle *Gisbrecht* erects for the claimant's attorney is rather low, and a change to the [contingency] agreement is warranted at least, and perhaps at most, when justice requires." *Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1244 (M.D. Ala. 2005). Indeed, "[s]ince *Gisbrecht* the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for noncontingency-fee arrangements." *Yarnevic*, 359 F. Supp. 2d at 1365 (quoting *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)). Additionally, when an attorney receives fees under the EAJA, the EAJA award must be refunded to the plaintiff if the plaintiff receives a larger award under § 406(b). *Id.* at 1366; *see also Gisbrecht*, 535 U.S. at 796 ("[A]n EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.").

The Court concludes that the fee is reasonable in this case. Here, Plaintiff agreed to pay her counsel 25% of her past-due benefits (Dkt.

30-5), which is the maximum authorized by Congress. 42 U.S.C. § 406(b)(1)(A). As such, the contingency-fee agreement does not per se lead to an unreasonable award. Also, the contingency-fee arrangement transferred the risk of loss to Plaintiff's counsel and shielded Plaintiff from financial risk, which also weighs in favor of a reasonableness finding. *Yarnevic*, 359 F. Supp. 2d at 1366.

Other factors in this case further indicate that the fee is reasonable. First, the record shows that Plaintiff's counsel represented Plaintiff well because this representation led to a remand of the Commissioner's final decision, which in turn resulted in a finding of disability on remand. Second, the record reflects that Plaintiff's counsel is an experienced and knowledgeable attorney when it comes to Social Security appeals. (Dkts. 30-1 at 10; 30-2 ¶¶ 2, 4–8.) Third, there is no evidence that Plaintiff's counsel was responsible for any delay in this case. *Yarnevic*, 359 F. Supp. 2d at 1366.

Fourth, the Court finds that the award will not constitute a windfall. The record reflects that Plaintiff's counsel spent 31.6 hours on this case. As a result, the effective hourly rate for an award of $42,044.75

would be $1,330.53.[2] While a contingency fee of $1,330.53 per hour is high, this hourly rate is not outside the bounds of what courts have found to be reasonable. *See, e.g.*, *White v. Comm'r of Soc. Sec.*, 2012 WL 1900562, at *6 (M.D. Fla. May 2, 2012) (approving a contingency fee, which amounted to $1,491 per hour, as reasonable under § 406(b)), *adopted by* 2012 WL 1890558; *Mizell v. Astrue*, 2008 WL 536168, at *5–6 (S.D. Ala. Feb. 22, 2008) (awarding § 406(b) fee that resulted in an hourly rate of $1,682.41); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833–34 (S.D. W. Va. 2003) (awarding fee amounting to $1,433.12 per hour). Given Plaintiff's counsel's efficient and effective use of the time, the Court does not find that the fee has resulted in a windfall.

Finally, the Court notes that the Commissioner has not opposed the motion. (Dkt. 32 at 2.) The Court recognizes that the Commissioner has no stake in the fee dispute, but he is charged in a trustee role for Social Security claimants. *Gisbrecht*, 535 U.S. at 798 n.6. The Court also understands that the Commissioner's position is not binding on this

---

[2] The actual requested fee is $42,044.75, but the net fee that counsel requests, after effectuation of the EAJA refund, is $35,555.15. Nonetheless, Plaintiff's counsel must show that the requested § 406(b) fee of $42,044.75 is reasonable.

6

Court, *see Thomas*, 359 F. App'x at 971–72 & n.4 (reviewing § 406(b) award where the Commissioner did not oppose the § 406(b) fee to plaintiff's counsel), for it is the Court's independent duty to review the reasonableness of the award, *see Gisbrecht*, 535 U.S. at 807 (stating that § 406(b) makes court review of contingency fee arrangements "an independent check").  Thus, the Commissioner's position is not dispositive, but the Court considers it a relevant factor given his trustee-like status.  Since the Commissioner has not opposed the motion, the Court finds that this factor also weighs in favor of finding the § 406(b) award reasonable.

Therefore, based on all the above factors, the Court finds that the fee sought under § 406(b) is reasonable.  The Court **GRANTS** Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b).  (Dkt. 30.)  The Commissioner is **DIRECTED** to disburse $35,555.15 in attorneys' fees directly to Plaintiff's counsel.

**SO ORDERED** this 18th day of March, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE